UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RICKS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RESOURCES FOR INDEPENDENCE CENTRAL VALLEY; MICHAEL BORUNDA; ROBERT HAND,<br><br>　　　　　　Defendants. | CASE NO. 1:15-CV-893---SMS<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |

Plaintiff Melvin Ricks ("Plaintiff") brings the instant complaint *in pro se* and *in forma pauperis* against defendant Resources for Independence Central Valley ("Defendant" or "RICV") for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2), discrimination in violation of Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981), and intentional infliction of emotional distress. Plaintiff also brings this complaint against defendants Michael Borunda and Robert Hand, individuals, for discrimination in violation of Section 1981. For the reasons below, Plaintiff's complaint will be dismissed in part with leave to amend.

I.　　SUMMARY OF ALLEGATIONS

According to the complaint, Plaintiff is a black male. Doc. 1, Complaint, at ¶ 4. He was employed by RICV as an evaluator around September 2013. Id. at ¶ 9. Michael Borunda was a job developer coordinator with RICV and was Plaintiff's immediate supervisor. Id. at ¶ 10. Robert Hand was RICV's executive director. Id. at ¶ 11. In October 2013, Mr. Borunda promoted Plaintiff to a part-time job developer position and advised him that he would have thirty days to train for the new position, after which he would be evaluated. Id. at ¶¶ 13, 14. Before the thirty

1  days was over, Mr. Borunda informed Plaintiff that the funding for the new position was cut and
2  that Plaintiff would return to his previous position. Id. at ¶ 15. Around the same time, a full-time
3  job developer resigned from her position and Mr. Borunda requested that she not inform Plaintiff
4  of her resignation. Id. at ¶ 16. In November 2013, Mr. Borunda was interviewing candidates for
5  the full-time job developer position. Id. at ¶ 19. Plaintiff asked to be interviewed, but Mr. Borunda
6  told him the position had been filled. Id. at ¶¶ 20, 21. A white female with no previous experience
7  as a job developer had been hired for the positon. Id. at ¶ 22. In December 2013, a Mexican-
8  American male was hired as a full-time job developer; however, the new employee was introduced
9  to Plaintiff as an evaluator. Id. at ¶¶ 24, 25. In December 2013, Plaintiff wrote a letter to Robert
10 Hand complaining that he had not had the opportunity to interview for a job developer position.
11 Mr. Borunda met with Plaintiff and criticized Plaintiff's evaluator reports for being full of errors.
12 Id. at ¶ 27. He had never criticized Plaintiff's reports before. Id. at ¶ 28. In February 2014,
13 Plaintiff filed a charge with the EEOC alleging discrimination based on race.

14     In March 2014, Mr. Borunda advised a Sherry Walker, an RICV evaluator, that he would
15 "phase-out" Plaintiff by not giving him additional clients. Id. at ¶ 38. In April 2014, Plaintiff
16 worked thirteen hours, while Sherry Walker worked over fifty hours. Id. at ¶ 39. Plaintiff wrote to
17 Mr. Hand complaining that his hours had been unfairly reduced.

18     In August 2014, a Mexican-American female was hired as an RICV evaluator. Id. at ¶ 30.
19 In October 2014, she was promoted to be a supervising evaluator. Id. at ¶ 32. Plaintiff was not
20 aware of the position's availability. Id. at ¶ 33.

21     As of March 10, 2015, Plaintiff has not been called to work. Id. at ¶ 43. He was told that
22 there were no clients to work with; however, other RICV evaluators have been assigned clients. Id.
23 at ¶¶ 43, 44.

24  II.     SCREENING STANDARD

25     Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma*
26 *pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must
27 dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim
28 upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

1  from such relief." 28 U.S.C. § 1915(e)(2). To dismiss a complaint, or portion thereof, for failure to
2  state a claim, the Court applies the same standard as for motions to dismiss under Rule 12(b)(6).
3  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). This screening for failure to state a
4  claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that the
5  defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

6  III.   RULE 8

7  A complaint must contain "a short and plain statement of the claim showing that the
8  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required,
9  but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10  statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp.
11  v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted
12  as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (*quoting
13  Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are
14  not. *Id*. at 678.

15  A pleading may not simply allege a wrong has been committed and demand relief. A
16  pleading must give fair notice of the claim being asserted and the grounds upon which it rests.
17  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air
18  Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

19  If the Court determines that the complaint fails to state a claim, it should grant leave to
20  amend to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v.
21  Smith*, 203 F.3d at 1130. Dismissal of a *pro se* complaint for failure to state a claim is proper only
22  where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an
23  opportunity to amend would be futile. *Id*. at 1128.

24  IV.   DISCUSSION

25  A. Exhaustion of Administrative Remedies

26  Plaintiff has alleged that he filed an EEOC charge in February 2014, presumably based on
27  the failure to promote in 2013, and that he filed this complaint after receiving a right to sue letter.
28  However, the complaint also alleges harm occurring after February 2014 – another failure to

3

promote in 2014 and his "phase out" ending his employment with RICV in March 2015. Title VII discrimination claims may only be brought in the district court after they have been exhausted in the EEOC process. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Title VII claims that were not asserted in a timely EEOC charge are procedurally barred. *Id*.

Plaintiff has alleged that he brought this action after receiving a right to sue letter from the EEOC. However, he does not specify that all of alleged Title VII violations were within the scope of his EEOC charge or the EEOC investigation, if any. Plaintiff is advised that any unexhausted Title VII claims are subject to dismissal.

### B. First Cause of Action: Title VII Violation

To establish a Title VII violation for discrimination based on disparate treatment, an employee must show that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802 (1973); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). A plaintiff is not *required* to plead a prima facie case of discrimination; however, he must plead enough facts to give the defendants fair notice of the claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002); *Twombly*, 550 U.S. at 544; *see also Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

Plaintiff has alleged a cognizable disparate treatment claim. First, he has alleged that he is black, and race is a protected class. *See* 42 U.S.C. § 2000e-2(a)(1). He alleged that he was qualified for his position as an evaluator because he alleged that Mr. Borunda gave him a sort of conditional promotion due to his good work as an evaluator. Plaintiff remained in his position as an evaluator for about one year and six months when he ceased working with RICV. Plaintiff has also alleged that he was "phased out" and given less clients beginning in March 2014, eventually resulting in an utter lack of work in about March 2015. Plaintiff was told that he was not given work because of a lack of clients. These allegations are sufficient to allege that he was subject to an adverse employment action.

Lastly, he has alleged that two Mexican-American evaluators, including one who had been

4

hired in February 2015, and another evaluator whose race is not identified, had been assigned clients and had a higher workload. This indicates that similarly situated individuals outside his protected class were treated more favorably. Plaintiff has given Defendant notice of the grounds upon which his disparate treatment claim rests. Taking Plaintiff's allegations as true, Plaintiff has stated a disparate treatment claim that is plausible on its face. Plaintiff may proceed on this claim, provided that it has been exhausted.

*Hostile Work Environment*

Plaintiff also bases his Title VII claim on hostile work environment. A hostile work environment claim requires that Plaintiff allege (1) that he was subjected to verbal or physical conduct based on his race; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive so as to alter the conditions of his employment and create an abusive work environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005). Whether an environment is hostile can be determined "only by looking at all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993). The work environment must have been both subjectively and objectively hostile, and the objective hostility of the environment must be considered "from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff". *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1113, 1115 (9th Cir. 2004).

Here, Plaintiff has not made any factual allegations to support a claim based on hostile work environment. He has not alleged that he was subjected to any verbal or physical conduct based on his race, or that the conditions of his employment created an abusive work environment that was objectively hostile to other employees. Plaintiff must allege a claim for relief that is plausible on its face. When taking the allegations as true and in a light most favorable to Plaintiff, Plaintiff has not sufficiently alleged a Title VII violation based on hostile work environment. However, Plaintiff will be given an opportunity to amend.

C. <u>Second Cause of Action: "Failure to Promote"</u>

Plaintiff's second cause of action is entitled "failure to promote." There is no independent cause of action for "failure to promote;" rather, it may appropriately allege the adverse employment action element of a prima facie discrimination case. *Mansourian v. Regents of the Univ. of Cal.*, 602 F.3d 957 (9th Cir. 2010) (failure to promote is an unlawful employment practice under Title VII). Plaintiff's first cause of action sufficiently alleged discrimination based on Defendant's alleged termination. Here, he has sufficiently alleged discrimination based on Defendant's alleged failure to promote him.

Plaintiff has alleged that he is a member of a protected class. He has alleged that he was qualified for his position as evaluator, as well as the position of part-time job developer. He alleged that he was offered the promotion to part-time job developer and that his work as an evaluator was not criticized before he was offered the promotion. Plaintiff alleged that he was subject to the adverse action of failure to promote, and that persons outside of Plaintiff's protected class were treated more favorably. In November 2013, a white female obtained a full-time job developer position, and in December 2013, a Mexican-American male obtained a full-time developer position. In October 2014, a Mexican-American female was promoted to supervisor evaluator. Plaintiff was not offered these positions. Hence, Plaintiff has stated a cognizable Title VII discrimination claim based on the alleged failure to promote.

D.  Third Cause of Action: Retaliation

To allege retaliation under Title VII, a plaintiff must sufficiently allege 1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (*citing Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987)).

Here, Plaintiff has alleged that he filed an EEOC complaint in February 2014. He has also alleged that in April 2014, he was being "phased out" and given significantly less hours than a similar employee, and that in October 2014, a less senior, Mexican-American female was promoted to a supervisor position for which Plaintiff was not considered. Eventually, around March 2015, Plaintiff was completely "phased out" and was no longer called to work. Plaintiff has

1  sufficiently alleged that he engaged in protected activity and that he suffered an adverse
2  employment decision. However, Plaintiff has not sufficiently alleged the necessary causation
3  element of the prima facie case for retaliation under Title VII. He has not alleged any facts
4  indicating that the adverse actions occurred *because of* his filing an EEOC complaint. Plaintiff has
5  failed to state a claim upon which relief can be granted, and this cause of action will be dismissed
6  with leave to amend.

   E.  Fourth Cause of Action: 28 U.S.C. § 1981

Section 1981 of the Civil Rights Act of 1866 ("Section 1981") provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts […] and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens […]." 42 U.S.C. § 1981(a); *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1005-08 (9th Cir. 2011). Analysis of a Section 1981 employment discrimination claim follows the same legal principles as those applicable in a Title VII discrimination case. *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004); *see also Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007)(setting forth Section 1981 discrimination requirements); *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987)("[t]he same standards apply, and facts sufficient to give rise to a Title VII claim are also sufficient for a section 1981 claim.").

For the same reasons that Plaintiff's Title VII claim is sufficiently pled, Plaintiff's Section 1981 claim against RICV is sufficiently pled and will be permitted to proceed.

   F.  Fifth Cause of Action: 28 U.S.C. § 1981 Against Individual Defendants

"To establish a claim under § 1981 the plaintiff must prove that he or she was subjected to intentional discrimination based upon his or her race." *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 908 (9th Cir.1999).

Plaintiff has not sufficiently pled a Section 1981 claim against Mr. Borunda and Mr. Hand because he has not alleged any facts suggesting that Mr. Borunda or Mr. Hand had a discriminatory intent or otherwise intentionally discriminated against Plaintiff based upon his race. This cause of action will be dismissed for failure to state a cognizable claim, with leave to amend.

G.  <u>Sixth Cause of Action: Intentional Infliction of Emotional Distress</u>

In order to establish a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) that the plaintiff suffered severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)(citations and quotation marks omitted). As a matter of law, normal personnel actions such as terminating an employee, even without good cause, do not constitute the type of sufficiently extreme and outrageous conduct necessary to support an IIED claim. *Fowler v. Varian Assocs., Inc*. 196 Cal. App. 3d 34, 44 (Cal. Ct. App. 1987).

Here, Plaintiff has not alleged sufficient facts to state a cognizable IIED claim. Plaintiff has not alleged facts indicating that any defendant intended to cause emotional distress. Plaintiff has not alleged that he suffered severe or extreme emotional distress. Hence, this claim is not cognizable and will be dismissed with leave to amend.

H.  <u>Seventh Cause of Action: Conspiracy to Interfere with Employment Relations</u>

Plaintiff's seventh cause of action is entitled "Conspiracy to Interfere with Employment Relations." There is no federal or California cause of action with this title, and, considering Plaintiff's allegations under this heading, the Court cannot discern whether there is a similar cause of action that Plaintiff intended to bring but misidentified. Hence, this cause of action will be dismissed for failure to state a cognizable claim. Plaintiff may amend.

V.  CONCLUSION AND ORDER

As discussed above and summarized in the order below, only certain causes of action within Plaintiff's complaint state cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only with those counts found to be cognizable, Plaintiff may so notify the Court in writing, and the

8

1 Court will issue a recommendation for dismissal from this action of all claims found not
2 cognizable. The Court will then forward to Plaintiff the necessary summonses and USM-285
3 forms for completion and return. Upon receipt of the completed forms, the Court will direct the
4 United States Marshal to initiate service of process on the appropriate defendants.

   If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is warned that all causes of action alleged in an original complaint which are not alleged in an amended complaint will be deemed waived.

   Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's first cause of action states a cognizable claim based on disparate treatment.
    a. Plaintiff's first cause of action based on hostile work environment is DISMISSED with leave to amend to plead facts supporting this theory.
2. Plaintiff's second cause of action states a cognizable claim;
3. Plaintiff's fourth cause of action states a cognizable claim;
4. Plaintiff's third, fifth, sixth, and seventh causes of action are DISMISSED with leave to amend;
5. Within thirty (30) days from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Resources for Independence Central Valley on his first, second, and fourth causes of action; and
6. If Plaintiff fails to comply with this order, this action will be dismissed without prejudice for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 21, 2015**                    **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

7.